## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**THEODORE HOLLOWAY, JR.**,

     *Plaintiff,*

     v.

**CITIBANK, N.A.**,

     *Defendant.*

**Case No. 2:23-cv-00404-JDW**

### MEMORANDUM

When an arbitration clause that includes in its sweep all claims that "arise under" or "relate to" the parties' relationship, courts construe it broadly. But it's not without limit. The dispute to be arbitrated still must have a connection to the relationship. If it stems from a dispute unrelated to their relationship, then one party to the agreement can channel Marcellus Wallace to avoid the sweep of the agreement by saying, "There is no me and you. Not no more."[1] This is such a case.

Defendant Citibank, N.A. wants me to compel Plaintiff Theodore Holloway, Jr. to arbitrate claims under the Fair Credit Reporting Act (FCRA) based on arbitration provisions in credit card account agreements that Mr. Holloway entered with Citibank. But Mr. Holloway's claims have nothing to do with those credit card accounts. The premise of his

---

[1] Pulp Fiction (Miramax Films 1994).

claim is that someone else committed identity theft and fraudulently opened two loans with Citibank. That is, the premise of the claim is that Mr. Holloway didn't have a relationship with Citibank, at least with respect to the loans at issue. I therefore conclude that the claims in this case fall outside the scope of the arbitration agreement, and I will deny Citibank's motion to compel arbitration.

## I.       FACTUAL BACKGROUND

In 2014, Mr. Holloway opened two credit card accounts with Citibank: a Citi ThankYou Preferred account; and a Goodyear Tire credit card account. For each account, Mr. Holloway received a card agreement that contained written terms and conditions, both of which included identical arbitration clauses; Mr. Holloway could have, but did not, opt out of these provisions.

The Arbitration Agreements state in relevant part that

**DISPUTES MAY BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, HAVE A JURY TRIAL OR INITIATIE OR PARTICIPATE IN A CLASS ACTION. IN ARBITRATION, DISPUTES ARE RESOLVED BY AN ARBITRATOR, NOT A JUDGE OR JURY. THE ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN IN COURT. THIS ARBITRATION PROVISION IS GOVERNED BY THE FEDERAL ARBITRATION ACT (FAA) AND SHALL BE INTERPRETED IN THE BROADEST WAY THE LAW WILL ALLOW.**

**Covered claims**
- You or we may arbitrate any claim, dispute, or controversy between you and us arising out of or related to your account, a previous related account or our relationship (called "Claims").

- **If arbitration is chosen by any party, neither you nor we will have the right to litigate that Claim in court or have a jury trial on that Claim.**

(ECF Nos. 33-1 at 9; 33-2 at 7 (emphases in original).)

Mr. Holloway alleges that in 2021 he learned that in October 2017, someone fraudulently opened a Citibank personal loan (the "CB Loan") and a Citibank Diamond Card in his name. Although Mr. Holloway disputed the accuracy of the CB Loan appearing on his credit report, Citibank, TransUnion, and Experian all determined their records were correct and continued to report the CB Loan as an outstanding debt.

On February 1, 2023, Mr. Holloway filed this suit against Citibank, Experian, and TransUnion pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* Mr. Holloway settled with Experian and TransUnion. On July 10, 2023, Citibank moved to compel arbitration of Mr. Holloway's claims pursuant to the Parties' Arbitration Agreements. I denied that Motion so that the Parties could complete discovery on the issue of arbitrability. Citibank has since renewed its Motion, which is now ripe.

## II.    LEGAL STANDARD

In ruling on a motion to compel arbitration, a district court must determine whether the defense of arbitrability is apparent on the face of a complaint or whether the resolution of the motion requires the court to consider facts outside the complaint. In the former scenario, the court should apply a standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6), whereas in the latter scenario, the court should apply the standard for a

3

motion for summary judgment under Fed. R. Civ. P. 56. *See Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 773-74 (3d Cir. 2013). Mr. Holloway's Complaint does not reference the Arbitration Agreements, and Citibank has placed them before the Court as an exhibit to a declaration. Therefore, I consider the Motion under the summary judgment standard.

Federal Rule of Civil Procedure 56(a) permits a party to seek, and a court to enter, summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he plain language of Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quotations omitted). In ruling on a summary judgment motion, a court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quotation omitted). However, "[t]he non-moving party may not merely deny the allegations in the moving party's pleadings; instead he must show where in the record there exists a genuine dispute over a material fact." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citation omitted). The movant is entitled to judgment as a matter of law when the non-moving party fails to make such a showing. *Dodson v. Coatesville*

4

*Hosp. Corp.*, No. 18-3065, 773 Fed. App'x 78, 81 n.6 (3d Cir. June 3, 2019) (quotation omitted).

## III.   ANALYSIS

### A.   Choice Of Law

The Parties insist that, as a threshold matter, I must determine what jurisdiction's law should apply to interpreting the arbitration provision in dispute. If the provision falls within the scope of the Federal Arbitration Act (FAA), then federal common law rules govern my interpretation; if it does not, then I would have to determine whether the state laws of Pennsylvania or of South Dakota control.

When the FAA applies to an arbitration provision, courts in the Third Circuit determine validity by applying the forum state's state law principles of contract formation. *See Bacon v. Avis Budget Grp., Inc.*, 959 F.39 590, 600-01 (3d Cir. 2020). Thus, under the FAA, I would consider the relevant Arbitration Agreement under Pennsylvania state law. If the FAA does not apply and state law controls, the Parties dispute whether I should apply South Dakota or Pennsylvania law. In a federal question case like this one, I look to the choice of law principles of the forum state to determine which state's law applies. *See Gay v. CreditInform*, 511 F.3d 369, 389 (3d Cir. 2007).

Under Pennsylvania's rules, I must determine whether "the laws of the two jurisdictions would produce the same result on the particular issue presented." *White v.*

*Sunoco, Inc.*, 870 F.3d 257, 263 (3d Cir. 2017) (quote omitted). "If the results would be the same, there is no actual conflict and [I] should avoid the choice-of-law question." *Id.* Judge Slomsky, considering the same choice of law question for an identical arbitration provision, has previously found that the result regarding validity was the same in either jurisdiction, and therefore no conflict existed. *See Ahmetasevic v. Citibank, N.A.*, No. CV 19-5707, 2020 WL 5146124, at *4 (E.D. Pa. Aug. 31, 2020). I agree. None of these threshold questions are outcome determinative, so I will apply Pennsylvania's principles of contract formation to determine the validity and scope of the Arbitration Agreements.

### B.    Applicability Of The Arbitration Agreements

Determining whether an arbitration agreement applies to a particular claim requires a two-step analysis. Courts must determine (1) whether the Parties entered into a valid arbitration agreement and (2) whether the dispute between those parties falls within that valid agreement's scope. *See CardioNet v. Cigna Health Corp.*, 751 F.3d 165, 172 (3d Cir. 2014). If both conditions are satisfied, I must order the parties to arbitrate without reviewing the merits of the case. *See Gay*, 511 F.3d at 386. Although the Parties dispute the validity of the arbitration agreements in Mr. Holloway's cardholder agreements, I don't have to resolve that dispute because, even assuming their validity, this dispute falls outside their scope.

If the FAA applies, then there is a "presumption that arbitration applies." *In re Prudential Ins. Co. of Am. Litig.*, 133 F.3d 225, 231 (3d Cir. 1998). Even with that presumption, though, I cannot find that Mr. Holloway's claim "aris[es] out of or relat[es] to" the Parties' relationship. (ECF Nos. 33-1 at 9; 33-2 at 7.) The phrase "arising out of means causally connected with." *McCabe v. Old Republic Ins. Co.*, 228 A.2d 901, 903 (Pa. 1967). The phrase "relating to" also means a causal connection or relationship between two actions. *See, e.g., Morales v. Trans World Airline*, 504 US. 374, 373 (1992); *Flores v. Attorney Gen. of the United States*, 856 F.3d 280, 286 (3d Cir. 2017). Both terms are broad but not unbounded.

There is no connection of any sort between Mr. Holloway's claims in this case and his relationship with Citibank. In fact, it's the opposite; Mr. Holloway alleges that he did **<u>not</u>** have a relationship with Citibank. There is no causal connection between Citibank's relationship with Mr. Holloway and this case. Nor do his claims have some bearing or concern to, pertain to, refer to, or bring into connection or association his relationship with Citibank. *See Morales*, 504 U.S. at 383 (definition of "relating to"). Mr. Holloway's claim is not about information that Citibank reported in connection with an account that Mr. Holloway had with Citibank, and so it has nothing to do with the relationship between them. Simply put, Mr. Holloway could bring an identical claim even if he had never had a relationship with Citibank, so this limitation has not been satisfied.

**IV.      CONCLUSION**

Mr. Holloway's claims don't have any connection to his relationship with Citibank. In fact, they rest on the premise that he was disconnected from the loans in question. I therefore conclude that the claims in this case are outside the scope of the arbitration clauses, regardless of what law applies. I will therefore deny Citibank's Motion to compel arbitration. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J

April 25, 2024